Emmett v. Crawford.

JOHN W. EMMETT et als. v. J. R. CRAWFORD.

1. PLEADINGS AND PRACTICE. *Official bond.* ₁In a suit upon an official bond commenced before a justice, the warrant may assign several breaches, and a recovery on any one will be good.

2. CONSTABLE, DUTIES OF. *Growing crop.* A constable who levies an attachment on a growing crop must take possession of it by some overt act, and properly guard it.

FROM SULLIVAN.

Appeal in error from the Law Court at Bristol. N. HACKER, J.

W. V. DEADERICK and W. D. McCROSKEY for Emmett.

THOMAS CURTIN for Crawford.

COOPER, J., delivered the opinion of the court.

Crawford sued Emmett, as a constable, and the other defendants as the sureties on his official bond. The suit was commenced before a justice of the peace, and the warrant set out the cause of action in the form of a declaration. It alleged that Emmett had broken the covenants of his official bond in this, that on August 7, 1879, the plaintiff had sued out an original attachment before a justice of the peace, naming him, against the estate of R. N. Hicks upon a note for $125,64; that the attachment went into the hands of

Emmett, as constable, on the same day, and was levied upon a growing crop of corn and eight hundred feet of lumber, the property of Hicks and sufficient to satisfy the debt and costs; that he "failed to make due and proper return of the attachment as the law requires, and by the failure to discharge the duties imposed upon him by law in reference to said attachment," the plaintiff was defeated in making his debt, to his damage, etc. The justice dismissed the suit, and the plaintiff appealed. In the circuit court, the cause was tried by the judge without a jury, and he rendered a judgment for the plaintiff. The defendants appealed in error.

Before the trial, the defendants moved to quash the warrant because it contained two grounds of action; first, for failing to take the property levied on into possession, and, secondly, for failing to make due and proper return of the process. The motion was overruled.

The attachment suit was against Hicks as an absconding debtor, and the attachment was properly levied on the defendant's growing crop: Code, sec. 3036. The evidence is clear that the constable neglected to take charge of the property attached, which was sufficient to satisfy the debt, and that the debt was thereby lost. The trial judge so found. He also found that the defendant Emmett had failed to make due and proper return of the attachment. But this finding was immaterial, and therefore, if, as insisted upon by the appellant's counsel, the return was made, and was in form correct, it would not affect the result.

The action is for a breach of the official bond, and is sustained by proof of either one of the breaches in the warrant, and, perhaps, by proof of an independent breach, the warrant being amendable in this regard. The property never having in reality been attached as required by law, that is by actually taking it into possession by some overt act and properly guarding it, the plaintiff could not recover judgment in the attachment suit: *Nashville Bank* v. *Ragsdale,* Peck, 296; *Connell* v. *Scott,* 5 Baxt., 595; *Pennebaker* v. *Tomlinson,* 1 Tenn. Ch., 115.

Affirm the judgment.     •